NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted February 11, 2009[*]
Decided February 11, 2009

**Before**

RICHARD A. POSNER, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 08-3102

| | |
|---|---|
| ADEKUNLE ADEFEYINTI,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals. |
| *v.* | No. A078 860 665 |
| ERIC H. HOLDER, JR., Attorney General<br>of the United States,<br>    *Respondent*. | |

**O R D E R**

In March 2008, more than eight years after his visitor's visa expired, Nigerian citizen Adekunle Adefeyinti received a notice to appear charging him with removability on two grounds: he had overstayed his visa and accumulated several convictions for aggravated felonies (mail, wire, and access-device fraud, *see* 18 U.S.C. §§ 1029(a)(2), 1341, 1343).

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the petition for review is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2).

Adefeyinti responded by seeking withholding of removal and relief under the Convention Against Torture, claiming that Nigerian authorities would persecute and even torture him for his criminal activities in the United States. The immigration judge found Adefeyinti removable on both of the grounds asserted in the notice to appear but decided that Adefeyinti's crimes, for which he received concurrent, 33-month sentences, were not so serious as to preclude withholding of removal. *See* 8 U.S.C. § 1231(b)(3)(B)(ii); *Petrov v. Gonzales*, 464 F.3d 800, 801 (7th Cir. 2006); *Tunis v. Gonzales*, 447 F.3d 547, 548-49 (7th Cir. 2006). Still, the IJ denied both applications because, in the IJ's estimation, Adefeyinti had not established a clear probability that he would be harmed on account of a protected ground or that he would be tortured. In a separate opinion the Board of Immigration Appeals agreed with the IJ's conclusions and dismissed Adefeyinti's appeal.

Notwithstanding the IJ's decision to reach the merits of Adefeyinti's claims, *see* 8 U.S.C. § 1231(b)(3)(B)(ii), we lack jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed a criminal offense." 8 U.S.C. § 1252(a)(2)(C). Adefeyinti knows our limitations—and the lone exception for "review of constitutional claims and questions of law." *See* 8 U.S.C. § 1252(a)(2)(D). He seeks review under that exception, asserting constitutional injury at the hands of the IJ.

Adefeyinti contends, pro se, that he was denied due process, but that is not the case. At the heart of his claim is Decree 33, "which mandates a five-year sentence for 'any Nigerian citizen found guilty in any foreign country of an offense involving narcotic drugs or psychotropic substances and who thereby brings the name of Nigeria into disrepute.'" *Bosede v. Mukasey*, 512 F.3d 946, 949 (7th Cir. 2008). Adefeyinti argued before the IJ that Decree 33 applies equally to fraudsters and therefore he has reason to expect imprisonment tantamount to persecution upon his return. In his brief he proposes that the IJ did not appreciate the reach of Decree 33 and even ignored a country report that identified fraud as an offense punishable under Decree 33. But that is a flawed reading of the record. After a lengthy discussion at the hearing, the IJ accepted the possibility that Decree 33 might apply to Adefeyinti. Yet that possibility alone was not enough to establish that it is more likely than not that he will suffer persecution on account of a protected ground, much less that he will be tortured. To succeed, the IJ reasoned, Adefeyinti needed more evidence. And that exchange hardly describes a due-process violation; without question Adefeyinti received a meaningful opportunity to present evidence and be heard. *See Bosede*, 512 F.3d at 952; *Sankoh v. Mukasey*, 539 F.3d 456, 465-66 (7th Cir. 2008).

Adefeyinti presses a second due-process argument as well—that the IJ somehow prevented him from telling the "whole story." True enough, the IJ twice asked his attorney to "cut to the chase" during a general discussion of Adefeyinti's marital status and medical history. But the IJ also instructed the attorney to continue with those questions if they were

relevant to Adefeyinti's applications. The IJ explained that he appreciated Adefeyinti's medical history, which was detailed in the application materials, and wanted to focus on the larger question of eligibility for relief. Nevertheless, the IJ told Adefeyinti's attorney, "I'm going to allow you latitude considering, as you indicated to me, that you haven't had a chance to meet with your client recently to go over the facts." The hearing continued for some time, and it is clear from the transcript that Adefeyinti received his constitutional due. *See Bosede*, 512 F.3d at 952; *Sankoh*, 539 F.3d at 465-66.

DENIED.